IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MAUREEN FOX and LYNNE WOODWARD, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) | 
| DUPAGE TOWNSHIP, | ) ) |
| *Defendant*. | ) ) ) |

No. 21 C 06720

Chief Judge Virginia M. Kendall

**OPINION AND ORDER**

Plaintiffs Maureen Fox and Lynne Woodward move for reconsideration of the Court's November 20, 2024 Memorandum Opinion and Order (the "Opinion") granting summary judgment in favor of the only remaining Defendant in this case, DuPage Township ("Township"). (Dkt. 120; Dkt. 124). For the following reasons, the Motion for Reconsideration [124] is denied.

BACKGROUND

The Court assumes the parties' familiarity with the facts as laid out in its Opinion, and only discusses those relevant to Plaintiffs' motion.

A party may move the Court to alter or amend a judgment within 28 days of entry under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d

1

1263, 1267 (7th Cir. 1995)); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact."). Manifest errors are "not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606. And Rule 59(e) is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).

## DISCUSSION

Plaintiffs raise six points that boil down to arguments they previously made in opposition to the Township's Motion for Summary Judgment or sweeping statements of fact without support in the record. They cite five out-of-circuit cases for some background principles related to Rule 59(e), but fail to elaborate upon whether they believe the Court erred as a matter of law or fact. (*See* Dkt. 124 at 2–3). In reply, Plaintiffs state the basis for their motion is the "Court's failure to consider relevant facts and manifest error." (Dkt. 132 at 1).

As an initial matter, many of the Plaintiffs' reconsideration arguments are hard to follow, plainly inaccurate, or irrelevant to the legal conclusions the Court reached in its Opinion. For instance, Plaintiffs concede that many of their additional facts contain no citations to supporting evidence, but "will be proven at trial." (Dkt. 124 at 3). Perhaps Plaintiffs confuse summary judgment with a motion to dismiss, given they repeatedly ask the Court to "vacate its November 20, 2024, Order Granting Defendant's Motion to Dismiss." (Dkt. 124 at 1; *see id.* at 4). Regardless, Plaintiffs are mistaken that they can include unsupported factual allegations in their L.R. 56.1 statements on the basis that they will later prove them at trial. *See* L.R. 56.1(b)(3)(C) (requiring statements of additional fact to include "references to the affidavits, parts of the record, and other supporting materials"); *see Mintjal v. Pro. Benefit Tr.*, 146 F. Supp. 3d 981, 984 (N.D. Ill. 2015)

2

("eliminat[ing] from consideration" any factual statements that are "unsupported by the documented evidence of record offered in support"). Next, without elaboration, Plaintiffs claim the Court incorrectly stated that "only counts I and III" remained following resolution of the Township's Motion to Dismiss. (Dkt. 21). Apparently, Plaintiffs are under the impression that Counts I and II remain. (Dkt. 124 at 4). They are incorrect. The Court dismissed Count II of Plaintiff's Complaint, which alleged procedural due process violations. (Dkt. 21 at 14–15; Dkt. 1-1 at 7). The Township did not move to dismiss Count III of the Complaint alleging breach of an implied employment contract, and instead filed an answer to that Count. (Dkt. 21 at 19–20; Dkt. 12; Dkt. 1-1 at 7). Accordingly, the Court correctly stated that Counts I and III were all that remained when it issued its Opinion. (Dkt. 120 at 5). What remains of Plaintiffs' Motion for Reconsideration are disagreements with how the Court viewed the evidence and what facts it considered or ignored.

Plaintiffs urge the Court to review their many unsupported statements of fact and reconsider whether they met their burden of demonstrating that their protected First Amendment activity was "at least a motivating factor in the [Defendant's] decision to take the retaliatory action." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015)). The Court, in its discretion to demand strict compliance with Rule 56.1, struck those of Plaintiffs' additional facts and responses to the Defendant's statements of fact that did not include "direct citation to easily identifiable support in the record." (Dkt. 120 at 2). The Court stands by that decision given the Plaintiffs' repeated failures to follow L.R. 56.1's requirements, as documented above and in the Opinion. (*See id.*). Nonetheless, lest there be any doubt the Court considered all properly presented evidence in its

3

Opinion, the Court reviews Plaintiffs' specific factual points and their purported evidence in support thereof below.

First Amendment retaliation claims analyzed at summary judgment are subject to a burden shifting framework. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). First, the plaintiff bears the initial burden of showing, through specific and admissible evidence, that their protected speech was "at least a motivating factor" in the allegedly retaliatory action. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). If the plaintiff can do so, the defendant must rebut the "causal inference raised by the plaintiff's evidence," usually by offering an alternative explanation for its action. *Id.* Third, the plaintiff inherits the burden once more to show that the defendant's alternative explanation was pretextual. *McGreal*, 850 F.3d at 313. The Court found Fox and Woodward failed at both the first and third step. (Dkt. 120 at 7–8).

Proving that protected speech was a motivating factor in a retaliatory employment action requires plaintiffs to show the defendant knew about the speech. *McGreal*, 850 F.3d at 313; *Stagman v. Ryan*, 176 F.3d 986, 999–1000 (7th Cir. 1999). Without knowledge, there can be no retaliation. Plaintiffs contend they have presented sufficient evidence to create at least a triable issue of fact that Marschke and his slate of Democratic candidates knew Plaintiffs were Republicans based on their "involvement at the Township and Bolingbrook for years." (Dkt. 124 at 3–4). Further, they state without context that "Traynere was seen arguing with Woodward." (*Id.* at 4).

Plaintiffs' claims as to Marschke's knowledge mirror their third additional fact, (Dkt. 110 at 28), which states that "Marschke and his supporters were well-aware of Plaintiffs' support for Republicans." But that fact lacks any evidentiary support. Plaintiffs first cite excerpts from Kenneth Burgess's deposition, which indicate the Burgess knew Fox and Woodward supported

4

Republican candidates. (*See* Dkt. 110 at 28; Burgess Dep., Dkt. 105-6 at 15:24–16:23). But they provide no basis for imputing that knowledge to Marschke or his slate. Burgess was not part of the slate. And although he spoke with Marschke before Marschke took office in 2021, the two never discussed Fox or Woodward's politics. Once Marschke and his slate were sworn into office, Burgess left township government. (Burgess Dep., Dkt. 105-6 at 73:10–19). Plaintiffs next cite a passage of Jackie Traynere's deposition, where she states that she has known Maureen Fox since approximately 2006, and first came across her in 2000. (Dkt. 110 at 28; Traynere Dep., Dkt. 105-1 at 22:4–23:3). That testimony does nothing to establish whether Traynere knew Plaintiffs' political allegiances or campaign activities. Indeed, when asked directly about whether she knew if either of the Plaintiffs were Republicans, Traynere said "no" and that she would "have no way of knowing." (Traynere Dep., Dkt. 105-1 at 44:3–5; *see also id.* at 46:1–4). Finally, Plaintiffs cite Marschke's deposition, but offer no page or line number. (*See* Dkt. 110 at 28). In sum, their citations fail to provide any evidence that the Defendant had knowledge of Plaintiffs' political affiliation, much less any political speech they may have been involved in during the 2021 election.

One additional example underscores Plaintiffs' evidentiary shortcomings. Plaintiffs' additional fact 27, (Dkt. 110 at 32), states that Linda Youngs had a meeting with Marschke prior to the first board meeting in May 2021 and "surely would have informed him of the Plaintiffs' Republican affiliations if Marschke didn't already know." But this is pure speculation. Plaintiffs cite page 45 of Traynere's deposition for support. (Dkt. 110 at 32). That page is not included in the excerpts of Traynere's deposition that either side provided. (*See* Dkt. 105-1 at 7–8; Dkt. 114-4 at 7–8). Plaintiffs also cite pages 105–06 of Youngs's deposition, but that testimony merely establishes that Youngs and Marschke had a budget meeting before Marschke was sworn in. There is nothing in that passage that suggests the two of them even spoke about Fox or Woodward. (*See*

5

Dkt. 114-6 at 105–06). Again, Plaintiffs are left with nothing more than conjecture, which could not "carry the day at summary judgment," and certainly does not justify reconsideration. (Dkt. 120 at 7).

Plaintiffs next reference an alleged encounter between Traynere and Woodward to establish that Traynere knew about Woodward's support for Republican candidates. (Dkt. 124 at 4 ("Traynere was seen arguing with Woodward")). Woodward provided a declaration in which she stated that she "had a confrontational argument with Traynere previous to the April 2021 election and felt she resented me." (Woodward Aff., Dkt. 110-2 ¶ 11). But Woodward does not elaborate on when the confrontation took place, what it concerned, or whether it had anything to do with political affiliations or speech. Indeed, Traynere and Woodward never mentioned the encounter in their depositions, including when Woodward was asked whether there was "[a]ny other reason why [she would] believe that Gary [Marschke] or Jackie [Traynere]" would know her political affiliation. (Woodward Dep., Dkt. 114-5 at 281:11–21). The only person who testified to any interaction between Traynere and Woodward was Kenneth Burgess, who said the two women had an "exchange" during the mayoral race. (Burgess Dep., Dkt. 105-6 at 77:24–79:2). Plaintiffs, however, have failed to establish whether Burgess was present for this exchange or merely heard of it after the fact. Moreover, they mischaracterize his testimony that the exchange was "bad." (Dkt. 110 at 32 (Statement of Additional Fact ¶ 32)). In short, the little admissible evidence that does exist concerning this interaction fails to support Plaintiffs' position that they have established the Defendant's knowledge of their protected political speech.

Finally, Plaintiffs claim that their third through sixth statements of additional fact create a triable issue as to causation for their First Amendment retaliation claim. (Dkt. 124 at 4). But only the third statement of additional fact has anything to do with whether Plaintiffs' protected speech

contributed to their termination. And, as discussed above, that statement of fact is unsupported. The remaining facts similarly lack factual support but the Court declines to address them because they are only relevant to whether the Defendant's alternative explanation for Plaintiffs' termination was pretextual. Plaintiffs' failure at step one is dispositive, and they have not identified any manifest errors in the Court's reasoning. Their remaining arguments regarding pretext and Count III necessarily fail. (*See* Dkt. 124 at 4).

## CONCLUSION

Plaintiffs have identified no new evidence or any manifest errors of law or fact in the Court's Opinion to meet their heavy burden of justifying alteration or amendment of the judgment entered in this case. For the reasons set forth above, Plaintiffs' Motion for Reconsideration [124] is denied. A separate order resolving Plaintiffs' objections to the Township's Bill of Costs [122] will follow.

_____
Virginia M. Kendall
United States District Judge

Date: May 21, 2025